**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRAIG THOMAS DAWSON,

  Petitioner - Appellant,

v.

BRIAN BELLEQUE,

  Respondent - Appellee.

No. 12-35569

D.C. No. 3:06-cv-00012-KI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Argued and Submitted November 17, 2014
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

Appellant Craig Dawson appeals the district court's order denying his

habeas corpus petition. We affirm.

To begin, the record fails to show that the Board impermissibly applied the

1993 rules to Board Action Form No. 5. The Board had the authority under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1985 rules to set a parole supervision term at 36 months, and its failure to give reasons does not prove that the Board used the 1993 rules. Thus, it is unclear Dawson actually faced any increase in punishment.

Even assuming the possibility of an increase in punishment, the Oregon state court's decisions regarding Dawson's habeas petitions are entitled to deference under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d). The Supreme Court has held that state court decisions that do not contain any reasoning are entitled to a presumption that the state court adjudicated the case on the merits. *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). Because Dawson has not demonstrated that the state court decisions fall within an exception set forth in 28 U.S.C. §2254(d)(1) or (d)(2), the presumption applies in this case.

Regarding Dawson's claim that his minimum term of parole supervision was impermissibly increased to 36 months, there is no clearly established Supreme Court precedent holding that the Ex Post Facto Clause is violated by a change in law that increases the minimum length of parole supervision before a parolee qualifies for a discretionary decision as to discharge. The cases cited by Dawson reference a prisoner's length of sentence or eligibility for release on parole, not the length of parole supervision once parole has been granted. Because those cases do

not directly address Dawson's situation, the Oregon state court decisions are not "contrary to" clearly established Supreme Court precedent. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

The cases cited by Dawson also do not demonstrate that the state court decisions unreasonably applied federal law. A state court does not commit error under AEDPA if "fairminded jurists" could disagree on the application of an existing legal principle to a new context. *White v. Woodall*, 134 S. Ct. 1697, 1702, 1706-07 (2014). Fairminded jurists could disagree over whether the principles regarding sentencing terms and parole eligibility apply to this case because the Board's decision did not involve either. The change in Dawson's minimum term of parole supervision only affected the date that he would qualify for the Board's consideration of whether or not he should be discharged. That discharge, unlike the end of a sentencing term, was not guaranteed because the Board had discretion to grant or deny it. *See* Or. Admin. R. 255-90-010 (1)(b)(C), (2) (1982) (amended May 31, 1985).

Even if the Board had set the term at 12 months, as Dawson contends it should have, there is no basis in the record to conclude that the Board would have discharged Dawson instead of extending his supervised parole. To the contrary, the record suggests the Board would not have discharged him after 12 months

because the Board denied discharge after Dawson had served around 27 months on parole.

Regarding Dawson's ex post facto claim pertaining to the denial of re-release on parole, the Board did not use rules that impermissibly increased his punishment. Oregon law in 1985 allowed the Board to require Dawson to serve the remaining balance of his life sentence after his parole violation. *See* Or. Rev. Stat. §144.343 (1981) (amended 1987). Dawson concedes that he was not entitled to good time under the 1985 rules. The state court's decisions therefore are not contrary to or an unreasonable application of Supreme Court precedent, and the district court did not err by denying Dawson's habeas petition.[1]

**AFFIRMED.**

---

[1] Following oral argument, Dawson submitted pro se a request to "stop all proceedings" in his case, based on his complaint that his attorney had "misrepresented" him by not pursuing two issues that Dawson wanted to pursue. We have examined that submission and have concluded that his arguments, which do not materially differ from the arguments made by his lawyer, are unpersuasive.